**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-7340**
_____

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

   v.

WINSTON DARIN POYER,

         Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:04-cr-00162-FDW-1; 3:16-cv-00672-FDW)

_____

Submitted: February 23, 2017     Decided: February 28, 2017

_____

Before SHEDD and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Winston Darin Poyer, Appellant Pro Se. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Winston Darin Poyer appeals the district court's order treating his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2255 (2012) motion and dismissing it on that basis. A certificate of appealability is not required in order for us to address the district court's jurisdictional categorization of a "Rule 60(b) motion as an unauthorized successive habeas petition." United States v. McRae, 793 F.3d 392, 400 (4th Cir. 2015). Our review of the record confirms that Poyer sought successive § 2255 relief, without authorization from this court, and we therefore hold that the district court properly concluded that it lacked jurisdiction to consider the subject motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h) (2012). Thus, we affirm the district court's order.

Additionally, we construe Poyer's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2

> (2) a new rule of constitutional law, made retroactive
> to cases on collateral review by the Supreme Court, that
> was previously unavailable.

28 U.S.C. § 2255(h). Poyer's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion. We grant Poyer's motion to proceed in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED